IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE A. MURRAY, | ) CIV. NO. 24-00005 HG-WRP |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| GILLES GADE, doing business as | ) |
| Cross River Bank, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**ORDER GRANTING DEFENDANT GILLES GADE AND CROSS RIVER BANK'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR INSUFFICIENT SERVICE OF PROCESS PURSUANT TO FED. R. CIV. P. 12(b)(4) and 12(b)(5) (ECF No. 7)**

On November 13, 2023, Plaintiff, proceeding pro se, filed the Complaint in Hawaii State Court against Defendant "Gilles Gade dba Cross River Bank."  (Complaint, attached to Notice of Removal at p. 5, ECF No. 1-2).  The Court liberally construes the Complaint as attempting to sue both Defendant Gilles Gade and Cross River Bank.

Plaintiff failed to properly serve the Complaint and Summons on the Defendants pursuant to Hawaii Rule of Civil Procedure 4.

On January 3, 2024, Defendants Gilles Gade and Cross River Bank removed the action to the United States District Court for the District of Hawaii.  (ECF No. 1).

On January 10, 2024, Defendants filed a Motion to Dismiss for failure to serve the Complaint and Summons.  (ECF No. 7).

On January 12, 2024, the Court issued a briefing schedule.

1

(ECF No. 8).

On January 23, 2024, Plaintiff filed an Opposition but did not cure the failure to properly serve the Defendants.  (ECF No. 10).

On February 9, 2024, Defendants filed a Reply.  (ECF No. 11).

Defendants' Motion to Dismiss for insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(4) and 12(b)(5) (ECF No. 7) is **GRANTED**.

Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

## STANDARD OF REVIEW

Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5) authorize dismissal based on insufficient process and insufficient service of process.

A motion to dismiss pursuant to Rule 12(b)(4) challenges the form and content of the summons.  Pac. Helicopter Tours, Inc. v. Dragonfly Aviation, LLC, Civ. No. 19-00295 ACK-RT, 2019 WL 5053054, *2 (D. Haw. Oct. 8, 2019).

A motion to dismiss pursuant to Rule 12(b)(5) concerns the service of the summons and complaint.  It is Plaintiff's burden to establish the validity and sufficiency of service of process.  O'Neill v. United States Army Corps of Engineers, 2024 WL 326610, *2 (D. Or. Jan. 29, 2024).

Sufficiency of service of a summons and complaint prior to removal is governed by state law. Cardenas v. City of Chicago, 646 F.3d 1001, 1005 (7th Cir. 2011); Lazo v. E-Council Univ., 2023 WL 6785800, *2 (C.D. Cal. Jan. 24, 2023).

Service of a summons and complaint after removal is subject to Federal Rule of Civil Procedure 4. Whidbee v. Pierce Cnty., 857 F.3d 1019, 1023 (9th Cir. 2017). Rule 4 is a flexible one that should be liberally construed, but a federal court does not have jurisdiction over a defendant unless the defendant has been served properly. Direct Mail Specialists Inc. v. Eclat Computerized Techs., Inc., 840 F.2d 685, 688 (9th Cir. 1988). Neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction over a defendant absent substantial compliance with Rule 4's requirements. Benny v. Pipes, 799 F.2d 489, 492 (9th Cir. 1986).

The District Court has discretion to either dismiss the claims without prejudice or quash service if the court finds the service of process to be insufficient. S.J. v. Issaquah Sch. Dist. No. 411, 470 F.3d 1288, 1293 (9th Cir. 2006).

## ANALYSIS

Plaintiff filed a Complaint in Hawaii State Court naming "Gilles Gade dba Cross River Bank" as the Defendants. (Complaint, attached to Notice of Removal at p. 5, ECF No. 1-2).

Defendants Gade and Cross River Bank have not been properly

served with a summons and complaint pursuant to either Hawaii state law or the Federal Rules of Civil Procedure.

### I. Defendants Were Not Properly Served Pursuant To The Hawaii Rules Of Civil Procedure Prior To Removal To Federal Court

Neither Defendant Gilles Gade nor Cross River Bank was properly served with a summons and complaint pursuant to Hawaii Rules of Civil Procedure prior to removal.

First, Defendant Gade was never served with a summons. The Hawaii State Court Docket for the case, prior to removal, reflects that a summons was never issued by the Hawaii State Court. (Hawaii State Court Docket, attached as Ex. A to Def.'s Motion, ECF No. 7-2).

Defendant Gade was also not properly served with the Complaint. Prior to removal, Plaintiff sent a certified letter to Cross River Bank in New Jersey with a copy of the Complaint. This is insufficient to properly serve Defendant Gade. The Hawaii Rules of Civil Procedure do not permit service of the summons and complaint on any defendant by mail if the defendant is being sued as an individual. Haw. R. Civ. P. 4(d)(1); Lindberg v. Bush, 2023 WL 7739605, *2 (Haw. Oct. 25, 2023).

Second, Defendant Cross River Bank was never served with a summons, and the mailing of the complaint to its corporate address was insufficient service pursuant to Hawaii state law. Haw. R. Civ. P. 4(d)(3).

## II. Defendants Were Not Properly Served Pursuant To The Federal Rules Of Civil Procedure Following Removal To Federal Court

On January 3, 2024, Defendants Gade and Cross River Bank removed the case to the United States District Court for the District of Hawaii.  (ECF No. 1).  Upon removal, the 90-day period to properly serve process restarted from the date of removal to allow Plaintiff to perfect service pursuant to Fed. R. Civ. P. 4(m).  Vasquez v. N. Cnty. Transit Dist., 292 F.3d 1049, 1053 (9th Cir. 2002); Lazo, 2023 WL 6785800, *3.

Plaintiff has not served either Defendant Gade or Cross River Bank pursuant to Fed. R. Civ. P. 4.  Plaintiff has not established that either Defendant has been properly served with a summons and the Complaint.  No summons has been issued.  More than 90-days have passed since removal of the Complaint on January 3, 2024.

Defendants' Motion to Dismiss for insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(4) and 12(b)(5) is **GRANTED**.

Plaintiff has already been afforded an opportunity to perfect service of process and has failed to do so.  Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**.  See S.J., 470 F.3d at 1293.

## CONCLUSION

Defendants' Motion to Dismiss for insufficient service of

process pursuant to Fed. R. Civ. P. 12(b)(4) and 12(b)(5) is **GRANTED**.

Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**.

The Clerk of Court is **ORDERED** to **CLOSE THE CASE**.

IT IS SO ORDERED.

DATED: April 11, 2024, Honolulu, Hawaii.



Helen Gillmor
United States District Judge

Wayne A. Murray v. Gilles Gade dba Cross River Bank, Civ. No. 24-00005 HG-WRP; **ORDER GRANTING DEFENDANT GILLES GADE AND CROSS RIVER BANK'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR INSUFFICIENT SERVICE OF PROCESS PURSUANT TO FED. R. CIV. P. 12(b)(4) and 12(b)(5) (ECF No. 7)**